IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 15-CR-03252-001-MCA |
| ) | |
| vs. ) | |
| ) | |
| **MYLAN SKYE VELARDE**, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**UNITED STATES SENTENDING MEMORANDUM AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE**

The United States, by and through undersigned counsel, respectfully submits this sentencing memorandum. The United States has reviewed the Defendant's Sealed Sentencing Memorandum and Motion for a Downward Departure. (Doc. 36). The United States objects to Defendant Velarde's request for a downward variance a sentence of 24 months, and to his request for two years of supervised release. The United States requests a sentence of incarceration for 30-33 months, which is a range below and at the low end of the United States Sentencing Guideline Range (USSG), a term of supervised release of 3 years, and a mandatory special penalty assessment of $100.00. The United States also requests imposition of each of the terms of supervised release outlined in the PSR. Based on the facts and circumstances attendant to the factual background of the above-captioned matter, the United States submits that a sentence of 30 to 33 months, under the USSG, as calculated within the pre-sentence report, is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2) and the factors addressed in *United States v. Booker*, 543 U.S. 220 (2005).

As an initial matter, the United States has no objections to the offense conduct as outlined in the Pre-Sentence Report. (Doc. 31, PSR ¶¶ 12-22). The United States concurs the Base Offense Level is 14, with a four level increase for the specific offense characteristic of the use of a bat, a dangerous weapon, a 3 level increase for the victim having sustained bodily injury, a 2 level increase due to the victim's vulnerability, for a subtotal, adjusted offense level of 23. *Id*. at ¶¶ 14-23. The United States concurs that the Defendant has accepted responsibility and is entitled to an offense level decrease of 3 levels. *Id*. at ¶¶ 37-38. This results in a total offense level of 20. *Id.* at ¶ 39. The United States also concurs that the Defendant's total criminal history score is zero, establishing a criminal history category of I. *Id*. at ¶¶ 46-47. As a result, based upon a total offense level of 20 and a criminal history category of I, the guideline imprisonment range is 33 months to 41 months.

Pursuant to 18 U.S.C. § 3553, the court must examine the following statutory purposes of sentencing, generally including: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence to: a) reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense, b) to afford adequate deterrence to the criminal conduct; c) to protect the public from further crimes of the defendant; and d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment; and 3) the kinds of sentences available and applicable sentencing guidelines and policy statements, including the need to avoid unwarranted sentencing disparities.

    A.    <u>The Nature and Circumstances of the Offense</u>

On March 18, 2015 the Defendant broke into Denise Julian's home. Jillian was the Defendant's former girlfriend, with whom the Defendant hoped reconciliation was possible. The investigation revealed that the Defendant had been told that Denise Jillian had male company in her home. All logical

2

inferences formed from the investigation led to the conclusion that the Defendant acted out of jealousy. Notably, on the date of this offense, the victim was lifted by several individual onto the porch of Jillian's home. Due to Doe's disability, he had to remained seated in his wheelchair while others assisted him in getting into Jillian's home. Jillian home is close to the Defendant's brother's home, and situated within the small community of Dulce. The Defendant consumed alcohol and marijuana prior to the offense. When arrested, the Defendant was tested and had a blood alcohol level of .015. PSR ¶ 19. The Defendant, following his release from custody, was also found to have cannabinoids in his system. PSR ¶ 11.

During the night on September 10, 2015 he waited on Jillian's porch, and tried to call her. When she did not answer, he listened at the door and then kicked the front door open and forcibly entered Jillian's home. The Defendant entered that home armed with an aluminum bat. He went directly to the bedroom where Jillian and Doe slept. The Defendant located the victim in Julian's bed and began yelling at him regarding being with "his woman" and then began striking the victim's head repeatedly with that bat. The Defendant hit Doe's head approximately 3 to 4 times, and also hit him about the back and shoulders. The Defendant indicates that he was overcome at the sight of Doe in Jillian's room and bed. Nevertheless, he continued beating Doe even though it was apparent that Doe's disability hindered Doe from defending himself. As Jillian attempted to intervene on Doe's behalf, the Defendant pushed her away. Doe grabbed the bat and held onto it, as his only possible means of protecting himself. The Defendant drug the victim off the bed, out of the bedroom, through the house and up to the front door. The victim's blood was smeared throughout the area. Doe's brother, Cameron, had been sleeping on the living room couch and awoke to the chaos. Cameron intervened and stopped the attack on Doe by the front door. According to Cameron, the Defendant kicked the victim repeatedly as Doe lay on the floor, prior to fleeing.

Doe's scalp was repaired with six staples. Although Doe was discharged on the date of incident, he has moved back in with his mother, in part due to an increase in headaches and due to the fact that he

is now more prone to seizures.  PSR ¶ 25.  Doe also experienced a heightened sense of fear following this attack and the sense of helplessness he experienced during the event.

<ins>Defendant's Characteristics</ins>

Counsel for the United States has also reviewed Dr. Christine Johnson, Ph.D.'s Forensic Psychological Evaluation in conjunction with the Defendant's sentencing memorandum and motion for downward variance.  The United States examined the detailed information concerning the Defendant's home and family background, and educational history.  The United States recognizes that based on information contained within the evaluation, which was previously unavailable to the United States and USPO, that the Court may elect to craft a sentence which incorporates some of the findings contained within the evaluation.

The United States, in view of the Defendant's history and characteristics, nevertheless requests a sentence of incarceration near the low end of the sentencing guideline range largely based upon the nature of the offense and the injuries inflicted upon a particularly vulnerable victim.  Notably, the Defendant did not stop attacking Doe until after both Jillian and Doe's brother intervened.  The actions of others prevented the Defendant from inflicting additional and possibly more severe injuries to Doe.

However, in light of the Defendant's characteristics, the United States requests that if the Court elects to vary downward in terms of the duration of incarceration imposed, that the Court impose the full term of 3 years of supervised release, to follow any incarceration.  The Defendant requests only two years of supervised release.  However, the United States proposes that an additional year of supervised release will assist the Defendant in securing much needed substance abuse treatment and testing, mental health counseling, ongoing supervision, and vocational training.  For the foregoing reasons, the United States requests imposition of each of the supervisory conditions outlined in Attachment A of the PSR.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed on November 30, 2016*
NIKI TAPIA-BRITO
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I hereby certify that on November 30, 2016, I filed the foregoing electronically through the CM/ECF system, which caused counsel for the Defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

_____/s/_____
NIKI TAPIA-BRITO
Assistant United States Attorney

5